## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **MICHELLE KNIGHT and JEFFERY BARTH,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ENBRIDGE PIPELINES (FSP) L.L.C. and** | ) | |
| **CCPS TRANSPORTATION, LLC,** | ) | |
| **Defendants.** | ) | |
| | ) | |
| **ENBRIDGE PIPELINES (FSP) L.L.C. and** | ) | **Case No. 12-CV-01244** |
| **CCPS TRANSPORTATION, LLC,** | ) | |
| **Counterclaimants,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHELLE KNIGHT and** | ) | |
| **JEFFERY BARTH,** | ) | |
| **Counterdefendants** | ) | |

## PLAINTIFFS' ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSE

NOW COME  Plaintiffs Michelle  Knight  and  Jeffery Barth,  by their attorney,

Mercer Turner, and hereby submit their Answer to the Affirmative Defense as follows:

**Affirmative Defense Paragraph 1.**  Plaintiffs' complaint fails to state a claim upon

which relief can be granted.

Answer 1:  The Plaintiffs deny the first and only paragraph of the affirmative defense.

1

## PLAINTIFFS-COUNTERDEFENDANTS' ANSWER TO COUNTERCLAIM

NOW COME Michelle Knight and Jeffery Barth, Plaintiffs-Counterdefendants, by their attorney, Mercer Turner, and hereby submit their Answer to the Counterclaim as follows:

**Counterclaim Paragraph 1.** Defendant-Counterclaimant Enbridge Pipelines (FSP) L.L.C. is a Delaware limited liability company with its principal place of business in Houston, Texas. The sole member of FSP is Defendant-Counterclaimant CCPS.

Answer 1: The Plaintiffs-Counterdefendants admit this allegation.

**Counterclaim Paragraph 2.** Defendant-Counterclaimant CCPS Transportation, LLC is a Delaware limited liability company with its principal place of business in Houston, Texas. The sole member of CCPS is Enbridge Energy Company, Inc., a Delaware corporation with its principal place of business in Houston, Texas.

Answer 2: The Plaintiffs-Counterdefendants admit this allegation.

**Counterclaim Paragraph 3.** Plaintiff-Counterdefendant Michelle Knight is a citizen of the State of Wisconsin. Plaintiff-Counterdefendant Jeffrey Barth is a citizen of the State of Illinois.

Answer 3: The Plaintiffs-Counterdefendants admit this allegation.

**Counterclaim Paragraph 4.** The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Answer 4: The Plaintiffs-Counterdefendants admit this allegation.

**Counterclaim Paragraph 5.** This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

Answer 5: The Plaintiffs-Counterdefendants admit this allegation.

**Counterclaim Paragraph 6.** The land and the right of way at issue in this counterclaim are located in Livingston County, Illinois. Additionally, the Right of Way grant attached to the complaint as Exhibit A, which is hereby incorporated by reference in this counterclaim (hereafter "1952 Right of Way grant"), is recorded in Livingston County, Illinois. Venue is thus proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)(2).

Answer 6: The Plaintiffs-Counterdefendants admit this allegation.

**Counterclaim Paragraph 7.** CCPS owns and operates as a common-carrier-by-pipeline an underground pipeline commonly referred to as the "Spearhead Pipeline," which is used for the interstate transportation of liquid crude petroleum. The Spearhead Pipeline is part of a larger pipeline network owned and operated by corporate affiliates of CCPS and known as the "Enbridge System," which is used for the international and interstate transportation of petroleum liquids. The Spearhead Pipeline runs from an Enbridge System facility near Pontiac, Illinois to another Enbridge System facility in Cushing, Oklahoma.

Answer 7: The Plaintiffs-Counterdefendants admit this allegation.

**Counterclaim Paragraph 8.** The Spearhead Pipeline crosses a parcel of land in Livingston County, Illinois that is currently owned by Landowners. The respective rights of the parties concerning that parcel of land are set forth on the face of the 1952 Right of Way grant. Landowners are the current successors to the grantor under that grant. CCPS is the current successor to the grantee under that grant.

Answer 8: The Plaintiff-Counterdefendants admit all Paragraph 8 except deny that the respective rights of the parties are not accurately set forth on the face of the 1952 Right of Way grant. The rights of the parties and the face of the 1952 Right of Way grant are modified and further defined by the use of the easement by the parties and their respective predecessors in title, the Defendants-Counterclaimants proposed new use of the right-of-way, what the parties making the 1952 Right of Way grant intended, the inability to place a large diameter, high pressure pipeline within 10 feet of the existing pipeline, and the applicable law.

**Counterclaim Paragraph 9.** Among the rights conveyed to the grantee and its successors and assigns by the 1952 Right of Way grant is the right to construct and operate a second underground pipeline on Landowners' land for the transportation of liquids and/or gases.

Answer 9: Plaintiffs-Counterdefendants admit that the easement at issue states what is alleged in Paragraph 9 but deny the current existence of this right based on the law of Illinois existing in 1952 and the intention of the parties when the easement was made.

**Counterclaim Paragraph 10.**  As part of a $2.8 billion expansion of the transport capacity of  the  Enbridge System, FSP is presently engaged in a project to build a new underground pipeline to transport liquid crude petroleum between the Enbridge System's Illinois and Oklahoma facilities.   That new pipeline, to be known as the "Flanagan South  Pipeline," will be installed in a route largely paralleling the route of the Spearhead Pipeline.

Answer 10: The Plaintiffs-Counterdefendants admit this allegation.

**Counterclaim Paragraph 11.**  To facilitate construction and operation of the Flanagan South Pipeline, CCPS intends to utilize its rights under the 1952 Right Of Way grant to construct and operate a second underground pipeline on Landowners' land by assigning such rights to Enbridge Pipelines (FSP) LLC.

Answer 11: The Plaintiffs-Counterdefendants admit this allegation but deny the

existence of a right to construct a second or additional pipeline.

**Counterclaim Paragraph 12.**    The plain language on the face of the 1952 Right Of Way grant authorizes the grantee and its successors and assigns, among other things, to construct a second pipeline of any size on Landowners' land for the transportation of liquids and/or gases; to change the size of its pipes; to operate, maintain, and protect such pipelines; and to have unimpaired access to them as well as ingress and egress rights over Landowners' land for all purposes necessary to the exercise of the rights granted by the 1952 Right Of Way grant.

Answer 12: The Plaintiffs-Counterdefendants admit Paragraph 12 except to the extent

that the plain language is not the exclusive source of the rights of the parties hereto.

There is no right to construct a second pipeline because of both the effect of Illinois law

which was in existence in 1952 and the intention of the parties when the 1952 easement

was made.

**Counterclaim Paragraph 13.**  Landowners contend, notwithstanding the clear and express terms of the 1952 Right of Way grant, that they may block construction and operation of the Flanagan South Pipelineacross their land.   Landowners argue various purported legal theories for  their effort to blockade this project, such as the Rule Against Perpetuities and "unreasonable restraint on alienation," none of which have merit.

Answer 13: The Plaintiffs-Counterdefendants deny any intention to create either a

blockade or block of construction by the assertion of meritless legal theories. Rather, the

Plaintiffs-Counterdefendants are seeking a declaration of whether the right to construct

multiple pipelines is valid, recognizing that there is lingering in the background an

Application before the Illinois Commerce Commission where the power of

eminent domain is being sought. The Plaintiffs-Counterdefendants have tendered

their full cooperation regarding the Application before Illinois Commerce

Commission to the Defendants-Counterclaimants.

**Counterclaim Paragraph 14.** If Landowners succeed in their effort to abrogate the
terms of the 1952 Right Of Way grant and blockade the Flanagan South Pipeline, CCPS will be
deprived of its express contractual right to construct a second pipeline on Landowners' land,
its contribution to the Enbridge System expansion program represented by the Flanagan South
Pipeline project will be substantially impaired, and FSP and its affiliates will be subjected to
significant delay and large additional expenses in rerouting, designing, and constructing the
Flanagan South Pipeline.

Answer 14: The Plaintiffs-Counterdefendants deny the allegations. If the abrogation is

lawful, then no right will be deprived of the Defendants-Counterplaintiffs.


**Counterclaim Paragraph 15.** An actual controversy now exists between FSP and
CCPS and Landowners concerning the validity, enforceability, and correct interpretation of the
1952 Right Of Way grant with respect to the construction and operation of the Flanagan South
Pipeline across Landowners'land.

Answer 15: The Plaintiffs-Counterdefendants admit this allegation.


**Counterclaim** Paragraph 16. FSP and CCPS seek a declaration that the 1952 Right of
Way grant is valid and enforceable according to its terms and that they possess and may enforce
all of the rights granted to the grantee by the language of the 1952 Right of Way grant,
including rights to lay, operate, maintain, and protect on Landowners' land a second pipeline for
the transportation of liquids and/or gases of such size as CCPS or its assignees determines, as
well as rights to enter and utilize such portions of the land as may be necessary for the exercise
of the other rights granted.

Answer 16: The Plaintiffs-Counterdefendants admit this allegation but deny that the Defendant-Counterclaimants are entitled to such relief.

### AFFIRMATIVE DEFENSE

NOW COME Michelle Knight and Jeffery Barth, Plaintiffs-Counterdefendants, by their attorney and submit this Affirmative Defense to the Counterclaim, as follows:

1. The Defendant-Counterclaimants do not have the right to construct a second or additional pipeline due to the inherent limitations both expressed in and implied by the 1952 easement which is the subject matter of this case, the intention of the parties who made the 1952 easement, and the application of Illinois law which was in existence in 1952 which renders the right to construct a second or additional pipeline invalid.

Wherefore, the Plaintiffs-Counterdefendants respectfully pray for judgment in their favor upon the Counterclaim based on the Affirmative Defense.

Respectfully submitted,

MICHELLE KNIGHT and JEFFERY BARTH,
Plaintiffs-CounterDefendants

By: /s/ Mercer Turner
       Mercer Turner, Their Attorney

Mercer Turner
The Law Office of Mercer Turner, PC
202 North Prospect Road, Suite 202
Bloomington, Illinois 61704
 (309)662-3078