IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHELLE KNIGHT and JEFFERY BARTH, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ENBRIDGE PIPELINES (FSP) L.L.C. and CCPS TRANSPORTATION LLC, | ) |
| | ) |
| Defendants. | ) Case No. 12-CV-01244 |
| | ) |
| ENBRIDGE PIPELINES (FSP) L.L.C. and CCPS TRANSPORTATION LLC, | ) |
| | ) |
| Counterclaimants, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHELLE KNIGHT and JEFFERY BARTH, | ) |
| | ) |
| Counterdefendants. | ) |

**DEFENDANTS'-COUNTERCLAIMANTS' MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants-Counterclaimants Enbridge Pipelines (FSP) L.L.C. ("FSP") and CCPS Transportation LLC ("CCPS") (collectively "Enbridge defendants") state as follows in opposition to plaintiffs' motion for judgment on the pleadings.

**Legal Standard**

Plaintiffs immediately get off on the wrong foot by misstating the applicable legal standard for deciding their motion. They assert that in determining whether to enter judgment on the pleadings *in their favor* the court must accept as true all well-pleaded facts in their own

complaint and also draw all reasonable inferences from those facts in their favor. Pl. Mem. at 4. This is exactly backwards. Because this is a situation in which plaintiffs are not defending their complaint against dismissal but are instead affirmatively moving for judgment in their favor on their own complaint, "all of the well pleaded factual allegations *in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false*." 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* §1368 (3d ed. 2005) (emphasis added). In other words, in deciding *this motion*, the court is required to treat all the well-pleaded facts in plaintiffs' complaint as false, since they are the movants here, while all well-pleaded facts in the Enbridge defendants' answer and counterclaim are treated as true, since they are the non-movants. At the same time, the court will not accept as true conclusions of law asserted in any parties' pleadings, facts which the court will take judicial notice are not true; legally impossible facts, facts which would be inadmissible in evidence in the event of a trial, or facts which might appear by a record or document included in the pleadings to be unfounded. *Id*. Finally, an exhibit attached to the pleadings, such as the 1952 right-of-way grant that is attached to the complaint, and which is also incorporated by reference in the Enbridge defendants' counterclaim, "trumps the allegations" in the pleadings. *E.g., Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).

## The Rule Against Perpetuities Does Not Apply

Plaintiffs devote ten pages of their memorandum to arguing that the following language appearing on the face of the grant at issue violates the rule against perpetuities and is thus void: "As part of the consideration hereinabove set forth Grantor hereby grant[s] unto said Grantee the right at any time or times to construct and operate one additional pipe line alongside of said first

2

pipe line on, over and through said land."  Despite this clear and express language, reciting that the right to construct and operate an additional pipeline at a later time is being conveyed at the time the grant was executed, "[a]s part of the consideration hereinabove set forth," plaintiffs contend that this is not a contemporaneous grant of the right to construct an additional pipeline but a mere option.  They assert that this is so because the grant provides: "Grantee agrees to pay Grantor for said additional pipe line so placed the sum of Sixty-eight & no/100 Dollars on or before the time Grantee commences to construct such pipe line on the land hereinabove described."

     Although multiple-line rights are a common feature of pipeline right-of-way grants, plaintiffs cite no cases where language such as "right at any time or times to construct and operate one additional pipe line" has been found to violate the rule against perpetuities.  Instead they resort to amateur psychoanalysis: "In its boilerplate, the grantee cleverly tried to disguise the option by not using the word 'purchase' and stating it like there was a second 'grant' being made when the easement was signed….A farmer in 1952 would have thought…" (Pl. Mem. at 12), and to ad hominem attacks: "With decades of experience, the grantee had 'every trick in the book' for obtaining landowner signatures and knew well prior to 1952 what a farmer may or may not recognize from a technical legal sense."  *Id*. at 13.  This sort of prattle wastes the court's time and cannot justify the entry of judgment in plaintiffs' favor.  Far more important are the actual legal authorities that plaintiffs refuse to acknowledge.  Simply stated, every court that has considered the identical argument -- that a grant of the right to construct additional pipelines at a later time was an option that was void as being contrary to the rule against perpetuities -- has rejected that argument.  As stated by the court in *Strauch v. Coastal States Crude Gathering Co.*,

424 S.W.2d 677, 680 (Tex. App. 1968), after surveying the case law on multiple line rights: "The courts have uniformly held against this contention." The *Strauch* court explained:

> "[T]he instrument with which we are concerned grants present rights and subjects the land described therein to an immediate servitude. It is true that the owner of the easement is not limited as to the time in which it may make full use of its rights. This, however, does not mean that its rights have not vested. Many types of easements which are granted in perpetuity are not exercised immediately, or within any limited time; yet it has never been suggested that the non-use of the rights granted, either in whole or in part, affects their validity. . . .Nor does the circumstance that a payment is to be made when the easement is used prevent it from being a present right. . . .**We hold that the grant of the right at any time to lay and maintain an additional pipe line or pipe lines alongside of the first one for the purposes mentioned did not constitute a mere option but created an expansible easement with vested rights not affected by the rule against perpetuities.**"

*Id.* at 680, 681 (emphasis added) (citations omitted), *quoting Sorrell v. Tennessee Gas Transmission Co.*, 314 S.W.2d 193, 196 (Ky. App. 1958). Similarly, applying Illinois law, the district court in *Belusko v. Phillips Petroleum Co.*, 198 F. Supp. 140 (S.D. Ill. 1961) *aff'd* 308 F.2d 832 (7th Cir. 1962), *cert. denied*, 372 U.S. 930 (1963), held:

> If the grant of this contract is broad enough in scope to encompass the right to lay the second pipe line, **the fact that an exercise of that right might be delayed for a millennium would not bring the rule against perpetuities into play.** On the contrary, that fact is a common incident of utility right of way grants. **Such grants have been repeatedly interpreted as creating an expansible easement, *i.e.*, a vested right to expand the user [*sic*] and to increase the burden upon the servient land as the needs of the holder of the easement might require.**"

*Id.* at 144 (emphasis added).

Plaintiffs do not candidly disclose and discuss these contrary authorities and then seek to distinguish them; rather, they simply ignore them and hope the court will not notice. This represents what the Seventh Circuit has long condemned as "[t]he ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist." *Hill v. Norfolk & Western Ry.Co.,* 814 F.2d 1192, 1198 (7th Cir. 1987). In effect, in this diversity case governed by Illinois law, plaintiffs seek to lure this court into becoming the outlier in a half

century of litigation over multiple-line rights. This is not a proper role for a federal court in a diversity case. "When state law governs, state rather than federal courts must be the innovators." *Bell Bros. v. Bank One*, *Lafayette, N.D.*, 116 F.3d 1158, 1160 (7th Cir. 1997). As the *Belusko* court noted, it is "in accordance with the law of Illinois" to reject -- as has every other court to consider the issue -- plaintiffs' rule against perpetuities argument. *Belusko*, 198 F.Supp. at 144. There is no likelihood that the Illinois Supreme Court would suddenly change Illinois law in this fashion, and certainly no warrant for this federal court to do so while applying settled state law in a diversity case. Plaintiffs' misguided rule against perpetuities argument should be rejected by this court.

### **Defendants Do Not Seek to Change the Terms of the Easement**

Plaintiffs next argue that "Defendants are now proposing a new 50' perpetual easement," which they claim is described in Exhibit B to their complaint. Pl. Mem. at 14. They contend that the Exhibit B easement is what "Defendants now seek *in this case*." *Id*. (emphasis added). Plaintiffs have completely misrepresented the Enbridge defendants' position. As plaintiffs allege in paragraph 49 of their complaint, defendant FSP currently has pending before the Illinois Commerce Commission ("ICC") an "Application for Certification and Other Relief" related to the planned Flanagan South Pipeline. Plaintiffs' allege, accurately in this instance, that their complaint Exhibit B is part of that application. Complaint ¶49. What they misrepresent is the purpose for which the exhibit is appended to the ICC application and its relationship to this case. In short, their Exhibit B has nothing whatsoever to do with this case.

The application is a matter of public record under ICC Docket No. 12-0347: . http://www.icc.illinois.gov/docket/files.aspx?no=12-0347&docId-181967. This court may take judicial notice of that public document. *See, e.g., Atterberry v. Cook County Sheriff*, No.

5

09-C-6632, 2010 U.S. Dist. LEXIS 16021, at *14 (N.D. Ill. Feb. 23, 2010). As explained in the application, the Enbridge defendants already own rights of way along the majority of the route for the new Flanagan South Pipeline by virtue of their ownership of the Spearhead Pipeline. Application at 30. In other situations, where a pre-existing Spearhead easement does not exist across a particular tract of land or is not sufficient, Enbridge will negotiate with landowners and pay fair market value to purchase the rights needed to install the new pipeline. *Id.* at 31-32. It is in this latter context that the application cites plaintiffs' Exhibit B (marked as Exhibit J to the application) as an example of the sort of typical "written easement documentation" that Enbridge offers to employ when negotiating for the purchase of new rights-of-way. *Id*. at 32.

       This case involves *only* the interpretation of the language appearing on the face of the preexisting 1952 right-of-way grant, now applicable to the Spearhead Pipeline, that is attached to the complaint as Exhibit A, and which is also incorporated by reference into the Enbridge defendants' counterclaim. Enbridge has never sought to impose the Exhibit B easement on anyone, and certainly does not seek to do so on the plaintiffs in this case. Exhibit B has no connection to the issues in this case and plaintiffs are not entitled to any judgment with respect to it. This issue is a diversion.

**Conclusion**

Plaintiffs are not entitled to judgment in their favor on their own complaint. Their motion should be denied. The court, should, however, enter judgment in favor of the Enbridge defendants on their concurrently pending motion for judgment on the pleadings and promptly dispose of this case, in which all genuine issues of material fact have been admitted in defendants' favor via plaintiffs' answer to the counterclaim. Clearly, defendants are entitled to judgment as a matter of law regarding the meaning of the language in the 1952 right-of-way grant.

          ENBRIDGE PIPELINES (FSP) L.L.C. and
          CCPS TRANSPORTATION LLC

          By Their Attorneys:

Of Counsel:          Gerald A. Ambrose
Joel W. Kanvik          John A. Heller
Director, U.S. Law          Sidley Austin LLP
Enbridge Energy Company, Inc.          One South Dearborn
1409 Hammond Avenue          Chicago, Illinois 60603
Superior, Wisconsin 54880          312-853-7000
715-398-4560          gambrose@sidley.com

          Thomas A. McConnaughay
          Christopher J. Spanos
          Westerveld, Johnson, Nicoll
            & Keller, LLC
          411 Hamilton Boulevard, 14th Floor
          Peoria, Illinois 61602
          309-671-3550
          cspanos@wjnklaw.com

          By: /s/ <u>John A. Heller</u>
              One of the Attorneys for
              Defendants-Counterclaimants

Dated: October 9, 2012

CH1 7121699v.1