# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHELLE KNIGHT AND JEFFREY BARTH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 12-1244 |
| ) | |
| ENBRIDGE PIPELINES (ESP), LLC, and ) | |
| CCPS TRANSPORTATION, LLC, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This matter is now before the Court on cross Motions for Judgment on the Pleadings. For the reasons set forth below, Plaintiffs'- Counterdefendants' Motion for Judgment on the Pleadings [17] is DENIED, and Defendants'- Counterclaimants' Motion for Judgment on the Pleadings [20] is GRANTED.

### BACKGROUND

Plaintiffs are siblings who together own an undivided interest in fee simple in a 40-acre farm described as the Southeast 1/4 of the Northwest 1/4 of Section 29, Township 28 North, Range 4 East of the Third Principal Meridian, Livingston County, Illinois. In 1952, Plaintiffs' predecessor in title entered into a Right of Way agreement that conveyed to the Sinclair Pipe Line Company a blanket easement for the sum of $68.00 for a single underground pipeline, later known as the Spearhead Pipeline, for the transportation of liquids or gases in perpetuity; the right to construct and operate a second pipeline alongside the first at some point in the future was also granted at that time. After many changes in ownership, the Spearhead Pipeline is now owned by Defendant CCPS Transportation, LLC.

The Spearhead Pipeline initially delivered conventional crude oil from Cushing, Oklahoma to the BP refinery in Whiting, Indiana and other refineries in the Chicagoland area. More recently, the flow of the pipeline has been reversed and used to deliver another energy product known as dilbit from the Pontiac, Illinois area to Cushing, Oklahoma. In late December 2011, Defendant Enbridge Pipelines ("FSP") announced plans to construct a 36-inch high pressure pipeline from Pontiac, Illinois to Cushing, Oklahoma along the existing route of the Spearhead Pipeline, to be called the Flanagan South Pipeline. Plaintiffs are concerned that the Defendants may attempt to use the granted right to construct the second pipeline to get the Flanagan South Pipeline through their property without adequate compensation or alternatively obtain the necessary easement through the exercise of eminent domain.

Plaintiffs have also been notified that FSP would like to construct a third pipeline through their farmland, known as the Southern Access Extension, that would run parallel to the Spearhead Pipeline. In 2007, FSP represented that the second easement referred to in the 1952 grant would not be relied on for creating the Southern Access Extension.

Plaintiffs brought suit seeking a declaration of their rights concerning the viability of the right to construct a second easement as referenced in the 1952 grant, as well as whether any grant created by such an easement is limited to a 30-foot width. Cross motions for judgment on the pleadings are now pending before the Court, and this Order follows.

## DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." A motion for judgment on the pleadings is subject to the same standards as a Rule 12(b)(6) motion to dismiss. The Court must accept all well-pled allegations as true and must view those allegations in the light most favorable to the non-moving party. *Northern Indiana Gun & Outdoor Shows, Inc. v. City of*

*South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Thus, dismissal is proper only if it appears "beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6 (1957). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). In deciding a motion under Rule 12(c), the Court may consider only the pleadings, that is, "the complaint, the answer, and any written instruments attached as exhibits." *Northern Indiana Gun & Outdoor Shows, Inc.,* 163 F.3d at 452.

Plaintiffs first argue that although the grant that became the Spearhead Pipeline vested when it was paid for in 1952, the second easement referred to in the 1952 grant did not become a vested interest, but rather was only a perpetual option to purchase at some unspecified point in the future and is therefore void under the Rule Against Perpetuities. The vesting of the second easement is argued to occur only on the payment of $68.00, and no such payment has been made to date. In support of this position, Plaintiffs cite *People v. Strom's Estate*, 363 Ill. 241, 244 (Ill. 1936):

> [A vested interest is] not remote, contingent, or dependent upon the happening of any other event. What is meant is that vesting . . . be a practical and actual ownership, . . . the ownership must be real and definite as distinguished from an expectancy or contingent interest which may never vest. An estate is vested when there is an immediate right of present enjoyment or a present fixed right of future enjoyment.

By contrast, where there is a future interest, "[a] remainder has been held to be vested when the right to present or future enjoyment is given to named or otherwise determinate persons ready to take possession at any time, and the postponement of their estate is not for reasons personal to them." *Danz v. Danz*, 373 Ill. 482, 486 (Ill. 1940).

The Court disagrees. The Right of Way agreement provides in relevant part:

> As a part of the consideration hereinabove set forth Grantor hereby grant unto said Grantee the right at any time or times to construct and operate one additional pipe line alongside of said first pipe line on, over and through said land, and Grantee agrees to pay Grantor for said additional pipe line so placed the sum of Sixty-eight & no/100 --- Dollars, to be subject to the same rights, privileges and conditions as the original line.

This language clearly and unambiguously contemplates that the Right of Way agreement created a present interest that vested upon the delivery of the agreement and payment of the original consideration. *See Belusko v. Phillips Petroleum Co.*, 198 F.Supp. 140, 143-44 (C.D.Ill. 1961). The fact that the exercise of that present, vested right may not happen for many years does not bring the Rule Against Perpetuities into play under Illinois law. *Id.*(noting that such facts are common incidents of utility right of way grants, which "have been repeatedly interpreted as creating an expansible easement, i.e., a vested right to expand the user and to increase the burden upon the servient land as the needs of the holder of the easement might require"); *American Land Holdings v. Jobe*, 604 F.3d 451, 458 (7th Cir. 2010) (finding a "crucial difference between the going into effect of a granted right and the exercise of the right by its holder once it has gone into effect . . . .)

Finally, Plaintiffs argue that the proposed Southern Access Extension seeks to impermissibly expand the scope of the right to place a second pipeline granted in the 1952 Right of Way agreement. However, FSP responds (and Plaintiffs acknowledge) that the area proposed for this pipeline is new and has not been previously used by the easement owner. Documents on file with the Illinois Commerce Commission in connection with the proposed pipeline confirm that the document Plaintiffs rely on in support of their concern was referenced as an example of the typical easement documentation that FSP uses in negotiating the purchase of new rights of way; it was not referenced

as evidence of ownership of rights that FSP planned to exercise against Plaintiffs in constructing the Southern Access Extension. Plaintiffs' unsupported suggestion to the contrary is without merit.

## Conclusion

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings [17] is DENIED, and FSP's Motion for Judgment on the Pleadings [20] is GRANTED. The Court finds that the grants of Right of Way created by the 1952 Right of Way agreement are valid and enforceable according to the terms of that agreement, including the grant to "construct and operate one additional pipe line alongside of said first pipe line on, over and through said land . . . to be subject to the same rights, privileges and conditions as the original line." The additional relief sought by Plaintiffs in Paragraph B of the Request for Relief as to unsafe conditions is not addressed in the briefing and cannot be resolved solely on the pleadings. This matter is therefore referred to the Magistrate Judge for further proceedings.

ENTERED this 19th day of June, 2013.

                                              s/ James E. Shadid
                                                James E. Shadid
                                      Chief United States District Judge